**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|                          |   |                                  |
|--------------------------|---|----------------------------------|
| XIOMARA ALMANZAR,        | : |                                  |
|                          | : | Civil Action No. 05-4752 (KSH)   |
| Petitioner,              | : |                                  |
|                          | : |                                  |
| v.                       | : | **O P I N I O N**                |
|                          | : |                                  |
| ALBERTO R. GONZALES,     | : |                                  |
|                          | : |                                  |
| Respondent.              | : |                                  |

**APPEARANCES:**

Petitioner Pro Se
Xiomara Almanzar
INS A 78 830 573
317 Lafayette Avenue
Apt. B-4
Passaic, NJ 07055

**HAYDEN, District Judge**

Petitioner Xiomara Almanzar is an alien currently awaiting removal and residing in Passaic, New Jersey. She has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Respondent is United States Attorney General Alberto R. Gonzales.

---

[1] Section 2241 provides in relevant part:
(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. ...
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

**BACKGROUND**

Petitioner Xiomara Almanzar has filed this Petition challenging an order denying her motion to reopen her immigration proceedings and, liberally construed, also challenging the final order of removal.  This is the second § 2241 petition Petitioner has filed challenging the final order of removal.  In this Petition, Petitioner refers to the petition docketed as <u>Almanzar v. Ashcroft</u>, Civil Action No. 04-3827 (D.N.J.), in which this Court determined that it lacked jurisdiction to address the petition and that it was not in the interest of justice to transfer the petition to the U.S. Court of Appeals for the Third Circuit.  In addition to challenges to the immigration orders, Petitioner asserts that the decision of this Court in Civil Action No. 04-3827 was erroneous.  Because Petitioner so refers to Civil Action No. 04-3827, this Court will take judicial notice of the record in that action.  <u>See</u> Fed.R.Evid. 201(b).

Petitioner is a native and citizen of the Dominican Republic.  On September 19, 2002, Petitioner was served with a Notice to Appear before an immigration judge in Newark, New Jersey.  On September 10, 2003, Petitioner applied for and was granted a voluntary departure in lieu of removal.  Petitioner was ordered to depart on or before January 8, 2004.  However, Petitioner failed to depart.  Instead, Petitioner filed a motion to reopen her proceedings for adjustment of her status.

The motion to reopen was denied on January 30, 2004. The immigration judge ("IJ") found that Petitioner's motion to reopen was flawed, in that she did not submit a fee, and requested fee waiver, which would "place in danger" her request for adjustment of status. The IJ admonished "whoever handled [Petitioner's] motion." However, the IJ also found that an application to adjust status had already been denied, and there was no indication that the prior decision was not final. The IJ stated that Petitioner "presents no evidence that she is eligible to adjust status . . . ." Also, the IJ found that Petitioner failed to establish ineffective assistance of counsel in that she did not comply with the requirements of Matter of Lozada, 19 I&N Dec. 637 (1988), aff'd 857 F.2d 10 (1st Cir. 1988).

An appeal of the denial was filed with the Board of Immigration Appeals ("BIA") and was denied on June 22, 2004. The BIA affirmed, without opinion, the IJ's decision. Petitioner then filed a second appeal with the BIA, which was denied on November 30, 2004. The BIA noted that Petitioner had failed to provide new information sufficient to warrant reopening, and that she did not comply with the procedure to allege ineffective assistance of counsel as set forth in Lozada.

During the course of these appeals to the BIA, Petitioner filed her first federal petition for habeas corpus relief. Respondents filed an Answer and the record of relevant proceedings on December 17, 2004. This Court determined that

denials of motions to reopen or for reconsideration by the BIA are subject to review by the Court of Appeals for the appropriate district.  In this case, the appropriate Court in which the motion to reopen could have been reviewed is the Court of Appeals for the Third Circuit.  Thus, this Court lacked jurisdiction to review the BIA decision.

However, whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.  With respect to the previous petition, this Court found that it was not in the interests of justice to transfer this matter to the Court of Appeals.

Petitioner appealed the dismissal of her petition.  On June 15, 2005, the Court of Appeals for the Third Circuit dismissed Petitioner's appeal as untimely.  This second § 2241 Petition followed three months later.

## DISCUSSION

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

4

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

As this Court has held previously, denials of motions to reopen or for reconsideration by the BIA are reviewed by the Court of Appeals for the appropriate district. See Wang v. Attorney General, 2006 WL 1096641, *2 (3d Cir. April 26, 2006); 8 U.S.C. § 1252(a)(1). See also Barker v. Ashcroft, 382 F.3d 313, 315-16 (3d Cir. 2003)(denial of motion to reopen reviewed by circuit court under "abuse of discretion" standard); Sevoian v. Ashcroft, 290 F.3d 166, 169 (3d Cir. 2002); Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994)("[d]iscretionary decisions of the BIA will not be disturbed unless they are found to be 'arbitrary,

5

irrational or contrary to law'"); Dastmalchi v. INS, 660 F.2d 880, 885, 886 (3d Cir. 1981).

Moreover, Congress recently passed the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005), which governs judicial review of final orders of removal.  Pursuant to Section 106(a)(5) of the REAL ID Act of 2005,

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e) [relating to orders issued under 8 U.S.C. § 1225(b)(1)].

8 U.S.C. § 1252(a)(5).  Thus, again the only court with jurisdiction to review Petitioner's challenges to the immigration orders is the Court of Appeals for the Third Circuit.  See 8 U.S.C. § 1252(b)(2).

As previously noted, pursuant to 28 U.S.C. § 1631, whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed."

It is not in the interest of justice to transfer this action to the Court of Appeals for the Third Circuit.  The claim presented in this Petition does not differ from the claim presented in the first § 2241 petition.  Petitioner had the

6

opportunity to appeal this Court's determination in that action, but her appeal was dismissed as untimely. As Petitioner has presented no facts or law to suggest that this Court erred previously, and Petitioner failed to timely prosecute the previous appeal, it would not be in the interest of justice to transfer this action to the Court of Appeals for the Third Circuit.

In addition, a petition for review must be filed within 30 days of the challenged order. Here, it would not be in the interest to transfer to the Court of Appeals what amounts to an untimely petition for review.

## **CONCLUSION**

For the reasons set forth above, the Petition must be dismissed for lack of jurisdiction. An appropriate order follows.

/s/ Katharine S. Hayden

    KATHARINE S. HAYDEN
United States District Judge

Dated: May 15, 2006